Arlene MATTERN

v.

**Richard S. SCHWEIKER, Secretary of the United States Department of Health and Human Services.**

**Civ. A. No. 72–2522.**

United States District Court,
E. D. Pennsylvania.

Oct. 16, 1981.

Susan Wood, Lancaster, Pa., for appellant.

Virginia Powell, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

## MEMORANDUM

TROUTMAN, District Judge.

Section 204(a)(1) of the Social Security Act (Act), 42 U.S.C. § 404(a)(1), provides that in the event of an erroneous overpayment to a Social Security beneficiary, "proper adjustment or recovery shall be made, under regulations prescribed by the

Secretary ... [by] decreas[ing] any payment under this subchapter to which such overpaid person is entitled". However, "there shall be no adjustment of payments to, or recovery by the United States, from any person who is without fault if such adjustment or recovery ... would be against equity or good conscience". Section 204(b) of the Act, 42 U.S.C. § 404(b). The factual and legal background of the case at bar, already the subject of two prior district court opinions, *Mattern v. Weinberger*, 377 F.Supp. 906 (E.D.Pa.1974) and *Mattern v. Mathews*, 427 F.Supp. 1318 (E.D.Pa.1977) and a like number of circuit court opinions, *Mattern v. Weinberger*, 519 F.2d 150 (3d Cir. 1975) and *Mattern v. Mathews*, 582 F.2d 248 (3d Cir. 1978), does not require detailed explication. For present purposes, and for the sake of clarity, we note that the seeds to this lengthy litigation were sown on January 28, 1972, when plaintiff received notification from defendant that it had determined that a Social Security check which she had received was for the wrong amount of money and should be returned. Approximately six months passed without plaintiff returning the check. She was then informed that future payments would be reduced until the Secretary had recouped the full amount of the overpayment.

After almost nine years of litigation we are again invited to "travel down the not unfamiliar trail winding through the forest of procedural due process", *Mattern v. Mathews*, 427 F.Supp. at 1327. Plaintiff attacks defendant's current two-step procedures whereby beneficiaries, claiming that waiver of recoupment is appropriate, must initially request a review of their case. The initial "paper review", if adverse, must *affirmatively* be appealed in order to obtain a hearing. Plaintiff asserts that the obligation of the second affirmative request contravenes notions of due process and argues that once a claimant has lost at the "paper review" stage, their case should automatically be appealed to the hearing stage. Moreover, plaintiff correctly argues that *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (consolidated with *Buffington v. Weinberger*, No. 734-

73C2 (W.D.Wash. Oct. 22, 1974) for appellate purposes) held that a recipient who requests a waiver of recovery of overpayment must be afforded the "opportunity" for a pre-recoupment oral hearing, 442 U.S. at 697, 99 S.Ct. at 2555, and that the obligation imposed on claimants to make two separate requests before they may be heard runs afoul of the Supreme Court's teachings. All of the parties agree that *Yamasaki* is controlling.

We currently have this narrow due process issue before us because following *Yamasaki*, the parties informed us that they would seek to amicably resolve their differences regarding implementation of the Court's mandate. This same procedure was followed on remand in the district courts in *Yamasaki* and *Buffington*. This due process issue is the only one not amicably resolved in any of the courts. By order, the *Yamasaki* and *Buffington* courts have recently resolved this issue in plaintiff's favor and have disapproved of the procedure requiring claimants who have once requested a hearing to do so a second time after an initial adverse "paper review". Defendant, who is appealing those orders, requests this Court to hold plaintiff's motion for entry of judgment and for class re-certification in abeyance pending the result of the *Yamasaki* and *Buffington* appeals. We agree to do so.

*Yamasaki* and *Buffington* are nationwide class actions involving all districts other than the Eastern District of Pennsylvania. The recent order in *Yamasaki* has resulted in the establishment of procedures in Hawaii akin to those advocated by plaintiff. Moreover, defendants have recently submitted to the *Buffington* court a proposed plan which includes the automatic scheduling of personal conferences after a denial at the "paper review" stage. This plan will take effect on a *nationwide* basis. Hence, plaintiff suffers no harm or prejudice by our holding the pending motions in abeyance since the procedures which they advocate are, or will shortly, be in effect in this district. Additionally, we do not believe that an additional opinion or order, absent

appellate court instruction on this issue, will ultimately expedite the conclusion of this litigation.

Accordingly, we will hold plaintiff's motions for class re-certification and entry of judgment in abeyance pending the Ninth Circuit's decision in *Yamasaki* and *Buffington.*